IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLYDE EUGENE CHUCULATE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-CV-078-GKF-PJC |
| ) | |
| ERIC FRANKLIN, Warden; ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing *pro se*. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 8). Petitioner filed a response to the motion to dismiss (Dkt. # 10). Respondent's motion is premised on the allegation that Petitioner failed to file this petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons discussed below, the Court finds that the petition is time-barred and Respondent's motion to dismiss shall be granted.

### *BACKGROUND*

In Delaware County District Court, Case No. CRF-90-74, Petitioner was convicted by a jury of First Degree Manslaughter. He was sentenced to 135 years imprisonment. Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On May 19, 1994, in Case No. F-1991-373, the OCCA affirmed Petitioner's conviction and sentence. See Dkt. # 9, Ex. 1. Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On May 1, 1997, Petitioner filed his first application for post-conviction relief. See Dkt. # 1, attached exhibit. That application was overruled on June 4, 1998. Id. By order filed September 22, 1998, in PC-1998-811, the OCCA dismissed an application for post-conviction relief filed in that court. See www.oscn.net.

On January 14, 2005, Petitioner filed a "motion for suspended sentence." The state district court denied the motion by minute order filed January 19, 2005. See Dkt. # 9, Ex. 2.

On April 21, 2006, Petitioner filed his second application for post-conviction relief. See Dkt. # 1, attachment. That application was denied on June 14, 2006. Id., attached order. Petitioner appealed and by order filed September 13, 2006, in PC-2006-710, the OCCA affirmed the denial of the second application for post-conviction relief. See Dkt. # 1, attached order.

Petitioner filed the instant federal petition for writ of habeas corpus on December 6, 2006, in the United States District Court for the Western District of Oklahoma. See Dkt. # 1. The case was transferred to this District Court where it was received on February 6, 2007. In the petition, Petitioner challenges his conviction and sentence entered in Delaware County District Court, Case No. CRF-1990-0074.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

> United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the limitations period generally begins to run from the date on which a prisoner's conviction becomes final, a literal application of the AEDPA would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file petitions for habeas corpus relief.

The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Application of these principles to the instant case leads to the conclusion that this habeas

petition was not filed within the one-year limitations period. After the OCCA entered its direct appeal order affirming Petitioner's conviction and sentence, Petitioner's conviction became final when the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, his conviction became final 90 days after May 19, 1994, or on August 17, 1994. Because his conviction became final before enactment of the AEDPA, Petitioner's one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had until April 24, 1997, to submit a timely petition for writ of habeas corpus. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek post-conviction relief during the grace period. Petitioner filed his first post-conviction application on May 1, 1997, or after the April 24, 1997 deadline had passed. Petitioner's second application for post-conviction relief was filed on April 21, 2006, or almost nine (9) years after expiration of the limitations period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). In addition, Petitioner's "motion for suspended sentence" did not toll the limitations period. Cf. Nicholson v. Higgins, No. 05-7032, 2005 WL 1806446 (10th Cir. Aug.2, 2005) (unpublished opinion) (acknowledging in a footnote that the petitioner had sought sentence modification under Okla. Stat. tit. 22, § 982a, and reasoning that because "such motions seek discretionary review [and] their denial is not appealable" they "therefore do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations

period"). As a result, neither the post-conviction proceedings filed by Petitioner nor his "motion for suspended sentence" served to toll the limitations period in this case. Therefore, the habeas corpus petition, filed December 6, 2006, appears to be untimely.

In his response to Respondent's motion to dismiss, see Dkt. # 10, Petitioner argues that his petition should be considered timely because when he filed his first application for post-conviction relief, he was incarcerated in the State of Texas without access to legal materials. He further alleges that at the time his first application for post-conviction relief was denied, he was unaware of the changes effected by the AEDPA. He also challenges the constitutionality of the AEDPA.

First, the Court rejects Petitioner's challenge to the constitutionality of the AEDPA. Courts addressing the constitutionality of various provisions of the AEDPA, including its limitations period, have determined that the Act is constitutional. Cf. Felker v. Turpin, 518 U.S. 651, 664 (1996); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Next, although the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner in this case has not identified, nor does the record suggest, any extraordinary circumstances that would justify equitable tolling of the one-year limitations period. In Marsh, the petitioner argued that his "ignorance of the law" completely robbed him "of any opportunity to fend for himself or otherwise gain equal access to the courts." Marsh, 223 F. 3d at 1220. Citing Fisher v. Johnson, 174 F. 3d 710, 714 (5th Cir. 1999) and other circuit cases, the Tenth Circuit Court noted that it is well established that "ignorance of the law, even for an incarcerated pro se petitioner,

generally does not excuse prompt filing." Id. Furthermore, a generalized claim of insufficient access to relevant law is not enough to support equitable tolling. Miller, 141 F.3d at 978. The Court finds Petitioner has failed to demonstrate that he pursued his claims diligently. As a result, he is not entitled to equitable tolling.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss time barred petition shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition as barred by the statute of limitations (Dkt. # 8) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

DATED THIS 24th day of August  2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma